UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Case No: 21 CR 50064-1 |
| v. | ) | |
| | ) | Judge: Iain D. Johnston |
| Brandon Simonson | ) | |

**ORDER**

Jury trial held and a judgment of guilty entered on May 13, 2025 as to all counts of the Indictment as to this defendant. Cause referred to the Probation Office for a presentence investigation. An in-person sentencing hearing is set for 1:30 p.m. on August 22, 2025. Any objections to the presentence report are due by August 8, 2025. Any response by the opposing party is due by August 15, 2025. The defendant remains in custody. In light of the commencement of trial, motions [174] and [218] are terminated as moot. Defendant's motion for additional funding [311] is denied without prejudice based upon counsel' representation that they will file an amended motion. Defendant's oral motion—made without any explanation or reasons—to extend the dates to file post-trial motions is denied.

Pursuant to 18 U.S.C. § 3664(d)(1), if restitution is being sought in this case, 60 days prior to the sentencing date, the Government shall provide the Probation Office and the courtroom deputy an electronic standardized spreadsheet (available on the Court's website) with a list of victims and their full current contact information. This list shall include any amounts subject to restitution. If the Government is not able to provide the full victim list 60 days prior to sentencing, they shall file a motion to request an extension of time to compile the information, to the extent permitted by 18 U.S.C. § 3664(d)(5). **For further details and deadlines see Statement.**

**STATEMENT**

Pursuant to Rule 32 (b) (2), on request, defense counsel is entitled to notice and a reasonable opportunity to attend any interview of the defendant by a probation officer in the course of a presentence investigation. It is hereby ordered that the initial presentence interview will be conducted immediately, but in no event later than 7 days from the date of the determination of guilt. Defense counsel will have waived the right to be present if he or she cannot attend the interview during the allotted 7 days.

Attorneys for the government shall submit to the probation officer a version of the offense conduct not later than 14 days from the determination of guilt. The attorney for the defendant shall submit to the probation officer a version of the offense conduct not later than 21 days from the determination of guilt. These versions should also be served on opposing counsel of all defendants as to whom there has been a determination of guilt. Failure to submit a version of the offense conduct within

this time frame may constitute a waiver of the right to have such material considered within the Presentence Investigation Report, and the probation officer will have the right to make determinations without regard to a version of the offense conduct submitted after that date.

Not later than 35 days prior to sentencing, the probation officer shall complete and issue the presentence investigation report to the Court, the defendant and defense counsel, and counsel for the government. The presentence investigation report must be reviewed by defense counsel with the defendant personally at least 14 days prior to sentencing.

Not later than 14 days prior to the sentencing date, any objection to the presentence investigation report shall be filed by counsel for the defendant and the government. This shall include objections to the sentencing guideline and criminal history calculations, proposed conditions of supervised release, and factual findings, together with any supporting legal memorandum, and shall be filed in the district court clerk's office, with copies to opposing counsel and the probation officer. Any response by the opposing side shall be filed with the clerk's office 7 days prior to the sentencing date. **Any objection or correction not filed at that time shall be deemed a forfeiture of the objection except for good cause permitted by the Court.**

Not later than 14 days prior to the sentencing date, attorneys for the government and defendant shall meet, either in person or by telephone, and discuss any proposed conditions of probation or supervised release set forth in the presentence investigation report and any additional conditions that either party proposes. Not later than 7 days prior to the sentencing date, the government shall file a sentencing memorandum setting forth any agreements reached between counsel as to whether supervision should be imposed, how long supervision should be ordered, and what conditions should be imposed. The memorandum shall also set forth any disagreements to supervision or to any proposed conditions. Not later than 3 days prior to the sentencing date, the defendant may, but is not required to, submit a response to the government's memorandum.

*Separate from any guideline or criminal history calculation objections under the guidelines, a request for a downward or upward departure or variance from the advisory guideline range calculation under the sentencing procedure enunciated in United States v. Booker and United States v. Rita shall be set forth in a written position paper filed within the same time limit and provisions as set forth regarding guideline objections. Failure to file such position paper shall be deemed a forfeiture of any request except for good cause permitted by the court. Any response by the opposing side shall be filed with the Clerk's Office 7 days prior to the sentencing date.*

The Court expects all parties concerned to strictly adhere to the time limits and requirements of this order. Continuance of the time limits and sentencing hearing date are not favored.

Date: May 14, 2025

By:_____

Iain D. Johnston
United States District Judge